COMMONWEALTH *vs.* ARTHUR JOHN COSTELLO. June 13, 1977. The defendant, who had rested at the conclusion of the Commonwealth's case, was the only person who could have contradicted the testimony of the Commonwealth's chief witness to the effect that he (the witness) had purchased the capsules from the defendant, and it was clearly improper for the prosecutor to conclude his closing argument to the jury with the remarks, "[the defendant] doesn't deny selling the drugs. There is no defense here that there is any mistaken identification . . .. There's no real defense that the capsules didn't contain barbituric acid." *Commonwealth* v. *Domanski,* 332 Mass. 66, 70-71 (1954). *Commonwealth* v. *Balthazar,* 366 Mass. 298, 303-304 (1974). *Commonwealth* v. *Borodine,* 371 Mass. 1, 10 (1976). However, it was discretionary with the judge whether she would allow the defendant's immediate motion for mistrial or would (as she said within the hearing

of the jury) "instruct [them] that the burden is on the Commonwealth to prove it." *Commonwealth* v. *Gouveia,* 371 Mass. 566, 571-572 (1976), and cases cited. During the brief charge (eight pages), which followed the objectionable remarks by only a few minutes, the judge instructed the jury that the closing arguments of counsel were not evidence, that the defendant was presumed to be innocent, that the Commonwealth had the burden of proving the defendant guilty beyond a reasonable doubt (at least five times), that the defendant was not required to produce evidence of his innocence, that he had the right to remain inactive and require the Commonwealth to go forward to produce evidence, that he had a constitutional right not to take the stand, and that no unfavorable inference should be drawn from the fact that he had not done so. Compare *Commonwealth* v. *Balthazar,* 366 Mass. at 304; *Commonwealth* v. *Borodine,* 371 Mass. at 9; *Commonwealth* v. *Gouveia,* 371 Mass. at 570. No exception was taken to any of those instructions (compare *Commonwealth* v. *Borodine,* 371 Mass. at 9; *Commonwealth* v. *Gouveia,* 371 Mass. at 571), and counsel for the defendant expressly advised the judge that he had no request for any further instruction (see and compare *Commonwealth* v. *Balthazar,* 366 Mass. at 304). There was no prejudicial error. We add that we reach this conclusion without giving any consideration to the defendant's personal, express, unqualified and unsolicited admission of guilt during the course of the hearing on disposition.

*Judgment affirmed.*

The case was submitted on briefs.
*Dennis J. LaCroix* for the defendant.
*Garrett H. Byrne,* District Attorney, *& Eugene F. McAuliffe,* Legal Assistant, for the Commonwealth.